**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                      Case No. 19-cr-39-02-JD

<u>Zorelys Sosa</u>

**REPORT AND RECOMMENDATION**

Defendant Zorelys Sosa moves, on an emergency basis, for reconsideration of detention and pre-sentencing release. Doc. no. 70. The government consents to release on conditions. Doc. no. 71. A hearing on defendant's motion was conducted by videoconference on April 20, 2020.[1]

On August 29, 2019, the defendant pleaded guilty to conspiracy to distribute fentanyl. Doc. no. 70 at 1. Her sentencing is scheduled for June 24, 2020. <u>Id.</u> Sosa moves for release, pending sentencing, based on the COVID-19 pandemic and her heightened risk due to obesity and prediabetes. <u>Id.</u> at 1-2, 9.

---

[1] An in-person hearing was not possible on April 20, 2020 due to the health and safety precautions taken in response to the COVID-19 pandemic. <u>See</u> Standing Order ADM-1, 20-12. Defendant waived his right to an in-person hearing and consented to a video hearing. The hearing was listed on the public docket on the court's website and public access to the hearing was available by video in accordance with the court's Standing Order ADM-1, 20-7. The court made findings regarding the limitations on in-person public access on the record.

1

At the hearing, the parties agreed that this motion is governed by 18 U.S.C. § 3145(c).[2] The statute provides, in pertinent part, as follows:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). District courts in the First Circuit have split on whether this provision can apply in district court or only at the appellate level. See United States v. Loaiza, No. 18-CR-134-01-PB, 2018 WL 6421657, at *2 (D.N.H. Nov. 20, 2018) (comparing cases), report and recommendation adopted, No. 18-CR-134-01-PB, 2018 WL 6418894 (D.N.H. Dec. 6, 2018). As in Loaiza, the court assumes that § 3145(c) applies under the circumstances of this case but does not rule on the legal issue. Id.

At the hearing, the government asserted that the defendant is subject to detention under § 3143(a)(2), that she arguably meets the conditions of release in § 3143(a)(1), and that there are exceptional circumstances – the defendant's health and the COVID-19 virus - that merit release. The defendant concurred with this analysis. The

---

[2] The defendant initially moved for release under 18 U.S.C. § 3142(i), but agreed at the hearing that § 3145(c) applies.

2

parties were also in agreement regarding the proposed conditions of release.

The court finds the government's reasoning persuasive and recommends release. First, the defendant pleaded guilty to an offense having a maximum term of imprisonment of ten years or more, as prescribed in the Controlled Substances Act, and is therefore detained under § 3143(a)(2). See Doc. nos. 12, 70. Second, with the conditions described at the hearing and outlined in the accompanying order (doc. no. 72), the defendant has shown by clear and convincing evidence that she is not a flight risk or a danger to the community, as required under § 3143(a)(1). Finally, based on the COVID-19 pandemic and the defendant's medical issues as set out in her motion for release (doc. no. 70), the court finds that exceptional circumstances exist, which merit release. The court therefore finds that the defendant has satisfied the requirements of § 3145(c).

## CONCLUSION

For the reasons stated above, the court recommends that the district judge grant the motion for release (doc. no. 70).

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended

upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

                                                       /s/ Andrea K. Johnstone
                                                       Andrea K. Johnstone
                                                       United States Magistrate Judge

April 21, 2020

cc:  William Sullivan, Esq.
     Paul Garrity, Esq.
     John Davis, Esq.
     Matthew Hunter, Esq.
     U.S. Marshal
     U.S. Probation